**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| KATHIE BARBER, § No. | |
| § **PLAINTIFF'S COMPLAINT** | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| CONVERGYS CORPORATION, § | |
| d/b/a ENCORE RECEIVABLE § | |
| MANAGEMENT, INC. § | |
| § | |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

KATHIE BARBER (Plaintiff), through her attorney, JEFFREY LOHMAN, alleges the following against CONVERGYS CORPORATION, d/b/a ENCORE RECEIVABLE MANAGEMENT, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

3. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

4. Count IV of Plaintiff's Complaint is based on the Texas Debt Collection Practices Act, *TDCPA § 392 et seq.* (TDCPA).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

6. Venue is proper in the United States District Court for the District of Texas pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

7. Plaintiff is a natural person residing in Bowie County, in the City of Texarkana, Texas.

8. Defendant is a corporation doing business in the State of Texas, and is an Ohio corporation with offices located in Cincinnati, Ohio.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

11. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

13. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Care Credit and US Windows.

14. The alleged debt is a consumer debt as the phrase is defined and used under 15 U.S.C. §1692(a) of the FDCPA.

15. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (903) 490-14XX.

16. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 866-652-3145 and 866-247-1087.

17. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

18. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Kathie Barber.

19. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

20. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

22. On March 29, 2015, Defendant's representative, "Jen," placed a collection call to Defendant from phone number 866-652-3145. Plaintiff spoke to Defendant's representative and requested that Defendant cease calling Plaintiff's cellular phone.

23. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on March 29, 2015.

24. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on April 7, 2015 at 11:10 a.m. from phone number 866-247-1087. Plaintiff spoke with Defendant's representative, "Merla," and again requested that Defendant cease calling Plaintiff's cellular phone.

25. Again, Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on April 7, 2015.

26. Despite Plaintiff's second request to cease calls to her cell phone, Defendant once again placed collection calls to Plaintiff beginning on April 13, 2015 at 9:07 a.m. from phone number 866-247-1087.

27. Defendant continued to place collection calls to Plaintiff through August 8, 2015. Defendant placed 10 collection calls to Plaintiff in April 2015 after Plaintiff's second request to cease phone calls to her cell phone; Defendant placed more than 57 collection calls to Plaintiff in May 2015; Defendant placed more than 86 collection calls to Plaintiff in June 2015; Defendant placed more than 109 collection calls to Plaintiff in July 2015; and Defendant placed more than 33 collection calls to Plaintiff in August 2015.

28. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least two-hundred ninety-five (295) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    b. Defendant violated *§1692d(5)* of the FDCPA by repeatedly and continuously placing collection calls to Plaintiff with the intent to annoy, abuse, or harass Ms. Barber.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT § 392

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-38.

40. Defendant violated TDCPA § 392.  Defendant's violations of TDCPA § 392 include, but are not limited to the following:

    a. Defendant violated TDCPA § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass a person at the called number.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

b. That judgment be entered in favor of Plaintiff against Defendant for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to *47 U.S.C. § 227(b)(3)(B)*;

c. That the Court award treble damages to Plaintiff for each and every violation of the TCPA the Court deems willful and knowing;

d. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692*;

e. Damages pursuant to the TDCPA § 392;

f. Actual damages;

g. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

h. That the Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

Dated: January 11, 2016

By: /s/Jeffrey E Lohman
Jeffrey Lohman
4740 Green River Road
Suite 305
Corona, CA 92880
(714) 381-5747
(714) 362-00097 (fax)
Email: jlohman@jlohman.com